UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FLEETWOOD HUMDY, JR.,

    Petitioner,

    v.

ROBERT A. HORE, Warden, and DIRECTOR OF CORRECTIONS,

    Respondents.

No. C 08-1096 PJH (PR)

**ORDER GRANTING IN FORMA PAUPERIS STATUS AND DISMISSING CASE**

    This is a habeas case filed pro se by a state prisoner. Petitioner says that he has converted to Judaism and that prison authorities refuse to provide him with kosher meals, food suitable for Jewish festivals, and the services of a rabbi.

    If petitioner prevails here it will not affect the length of his incarceration. This means this his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under Section 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so. In the time that has passed since the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases,

$350; and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(a)(2). A prisoner who might be willing to file a habeas petition for which he or she would not have to prepay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 3 on the docket) is **GRANTED**. Petitioner's prisoner trust account statement has now been filed, so his motion for the court to intervene to obtain it (document number 5) is **DENIED** as moot.

2. The petition is **DISMISSED** without prejudice to filing a new civil rights case.

**IT IS SO ORDERED.**

Dated: April 8, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\HUMDY1096.DSM.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES F HUMDY JR,

        Petitioner,

v.

DIRECTOR OF CORRECTIONS et al,

        Respondents.
_____/

Case Number: CV08-01096 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Fleetwood Humdy J-74235
Pelican Bay State Prison
C5-106
P.O. Box 7500
Crescent City, CA 95532

Dated: April 8, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk